UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT FOHRMEISTER,

    **Plaintiff,**

v.                                      Case No. 8:11-cv-46-T-23TBM

COMMISSIONER OF INTERNAL
REVENUE,

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is again before the court on the Plaintiff's application to proceed in forma pauperis (Doc. 2) and Plaintiff's Amended Complaint (Doc. 5). By way of background, Plaintiff initiated this action by filing a Complaint and his Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. 2), which this court construed as a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. After recommendation by the undersigned,[1] the court entered an order denying without prejudice the motion to proceed in forma pauperis, dismissing the Complaint, and directing Plaintiff to file an Amended Complaint. (Docs. 3, 4). The Amended Complaint is now before the court. A renewed motion to proceed IFP was not made, but the court again considers the matter under the original application which is hereby re-opened.

---

[1] The matter of Plaintiff's financial status was left unresolved. As originally noted, it appears that Plaintiff lacks the financial resources necessary to bring the litigation and in that regard would qualify for IFP status.

As noted in the prior report and recommendation (Doc. 3), the court must determine as a threshold matter, whether Plaintiff's Amended Complaint (Doc. 5) fails to state a cause of action or is frivolous and therefore subject to dismissal. *See* Fed. R. Civ. P. 8; 28 U.S.C. § 1915.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth in the complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i),(ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d

737, 740 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's Amended Complaint is a recitation of nearly identical facts as Plaintiff's initial complaint. Thus, he alleges that he was "forced" to consult with a physician to obtain medical proof of his disability. Without more, he complains that Defendant, Commissioner of Internal Revenue, violated the Freedom of Information Act, and his rights to freedom of religion and freedom of speech. Plaintiff's Amended Complaint fails to provide any factual support for these broad-based, conclusory allegations. In sum, Plaintiff's Amended Complaint fails to state any cognizable claim. This Court has acknowledged Plaintiff's multiple prior

3

failed attempts to assert similar allegations.[2] Despite being advised of the shortcomings of his pleadings, Plaintiff's allegations again fail here. Plaintiff provides no new information to the court which would indicate that allowing the Plaintiff another opportunity to amend would yield any different result. I previously recommended that Plaintiff be given one more opportunity to state a claim; he has been afforded that opportunity and nevertheless failed to cure the numerous deficiencies of his pleadings. That, coupled with the fact that Plaintiff has previously made such allegations without success, leads to me to the conclusion that Plaintiff's action should be dismissed with prejudice.

Accordingly, it is so recommended.

Respectfully submitted on this
2nd day of June 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
*Pro se* Plaintiff

---

[2]*See Fohrmeister v. Comm'r of Internal Revenue*, No. 8:10-mc-59-T-30MAP; *Fohrmeister v. Comm'r of Internal Revenue*, No. 8:03-cv-1148-T-30TBM.